COPY

1   Robert S. Green (State Bar No. 136183)
    Robert A. Jigarjian (State Bar No. 171107)
2   **GREEN & JIGARJIAN LLP**
    235 Pine Street, 15th Floor
3   San Francisco, CA 94104
    Telephone: (415) 477-6700
4   Facsimile: (415) 477-6710

5   Samuel H. Rudman
    David A. Rosenfeld
6   Russell J. Gunyan
    **CAULEY GELLER BOWMAN & RUDMAN, LLP**
7   200 Broadhollow Road, Suite 406
    Melville, NY 11747
8   Telephone: (631) 367-7100
    Facsimile: (631) 367-1173
9
    [Additional Attorneys on Signature Page.]
10
    Attorneys for Plaintiff
11

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14   CLEMENT SCHMITT, On Behalf of Himself      )   CIVIL ACTION NO. _____
     And All Others Similarly Situated,          )
15                                               )
                                                 )
16                              Plaintiff,        )   **CLASS ACTION COMPLAINT**
                                                 )   **FOR VIOLATIONS OF**
17              vs.                               )   **FEDERAL SECURITIES LAWS**
                                                 )
18   PORTAL SOFTWARE, INC., JOHN E.              )
     LITTLE, HOWARD A. BAIN III, DAVID           )
19   LABUDA, MARC ARONSON and ARTHUR             )
     C. PATTERSON,                               )
20                              Defendants.       )
                                                 )
21   _____         )   **JURY TRIAL DEMANDED**

22

23       Plaintiff has alleged the following based upon the investigation of plaintiff's counsel,

24   which included a review of United States Securities and Exchange Commission ("SEC") filings

25   by Portal Software, Inc. ("Portal" or the "Company"), as well as regulatory filings and reports,

26   securities analysts' reports and advisories about the Company, press releases and other public

27   statements issued by the Company, and media reports about the Company, and plaintiff believes

28   that substantial additional evidentiary support will exist for the allegations set forth herein after a

                                                1

complaint.wpd

1   reasonable opportunity for discovery.

2                           **NATURE OF THE ACTION**

3         1.      This is a federal class action on behalf of purchasers of the securities of Portal

4   between May 20, 2003 and November 13, 2003, inclusive (the "Class Period"), seeking to pursue

5   remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

6                          **JURISDICTION AND VENUE**

7         2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of

8   the Exchange Act [15 U.S.C. §§ 78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder by

9   the Securities and Exchange Commission ("SEC") [17 C.F.R. § 240.10b-5].

10        3.      This Court has jurisdiction over the subject matter of this action pursuant to 28

11  U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act [15 U.S.C. § 78aa].

12        4.      Venue is proper in this District pursuant to Section 27 of the Exchange Act, and

13  28 U.S.C. § 1391(b).   Portal maintains its principal place of business in this District and many of

14  the acts and practices complained of herein occurred in substantial part in this District.

15        5.      In connection with the acts alleged in this complaint, defendants, directly or

16  indirectly, used the means and instrumentalities of interstate commerce, including, but not

17  limited to, the mails, interstate telephone communications and the facilities of the national

18  securities markets.

19                                  **PARTIES**

20        6.      Plaintiff Clement Schmitt, as set forth in the accompanying certification,

21  incorporated by reference herein, purchased the common stock of Portal at artificially inflated

22  prices during the Class Period and has been damaged thereby.

23        7.      Defendant Portal describes as software provider of billing and subscriber

24  management solutions, which enables monetization of customer voice and digital transactions via

25  the Company's convergent billing platform.  Portal's is a Delaware Corporation with its principal

26  executive offices located at 10200 South De Anza Boulevard, Cupertino, California.

27        8.      Defendant John E. Little ("Little"), at all times relevant to this action, served as

28  the Company's Chairman of the Board, Chief Executive Officer and Director.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

9.      Defendant Howard A. Bain, III ("Bain"), at all times relevant to this action, served as the Company's Senior Vice President, Chief Financial Officer and Principal Financial Officer.

10.     Defendant David Labuda ("Labuda") at all times relevant to this action, served as the Company's Chief Technology Officer.

11.     Marc Aronson ("Aronson") at all times relevant to this action, served as the Company's Senior Vice President of Marketing and Sales.

12.     Arthur C. Patterson ("Patterson") at all times relevant to this action, served as a director of the Company.

13.     The defendants referenced above in ¶¶ 8-12 are referred to herein as the "Individual Defendants."

14.     Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about its business, operations, products, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

15.     It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above.  Each of the above officers of Portal, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company and its business, operations, products, growth, financial statements, and financial condition, as alleged herein.  Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information

3

complaint.wpd

1   alleged herein, were aware, or recklessly disregarded, that the false and misleading statements

2   were being issued regarding the Company, and approved or ratified these statements, in violation

3   of the federal securities laws.

4       16.     As officers and controlling persons of a publicly-held company whose common

5   stock was, and is, registered with the SEC pursuant to the Exchange Act, and was traded on the

6   NASDAQ, and governed by the provisions of the federal securities laws, the Individual

7   Defendants each had a duty to disseminate promptly, accurate and truthful information with

8   respect to the Company's financial condition and performance, growth, operations, financial

9   statements, business, products, markets, management, earnings and present and future business

10  prospects, and to correct any previously-issued statements that had become materially misleading

11  or untrue, so that the market price of the Company's publicly-traded securities would be based

12  upon truthful and accurate information. The Individual Defendants' misrepresentations and

13  omissions during the Class Period violated these specific requirements and obligations.

14      17.     The Individual Defendants participated in the drafting, preparation, and/or

15  approval of the various public and shareholder and investor reports and other communications

16  complained of herein and were aware of, or recklessly disregarded, the misstatements contained

17  therein and omissions therefrom, and were aware of their materially false and misleading nature.

18  Because of their Board membership and/or executive and managerial positions with Portal, each

19  of the Individual Defendants had access to the adverse undisclosed information about Portal's

20  business prospects and financial condition and performance as particularized herein and knew (or

21  recklessly disregarded) that these adverse facts rendered the positive representations made by or

22  about Portal and its business issued or adopted by the Company materially false and misleading.

23      18.     The Individual Defendants, because of their positions of control and authority as

24  officers and/or directors of the Company, were able to and did control the content of the various

25  SEC filings, press releases and other public statements pertaining to the Company during the

26  Class Period. Each Individual Defendant was provided with copies of the documents alleged

27  herein to be misleading prior to or shortly after their issuance and/or had the ability and/or

28  opportunity to prevent their issuance or cause them to be corrected. Accordingly, each of the

4

complaint.wpd

1   Individual Defendants is responsible for the accuracy of the public reports and releases detailed

2   herein and is therefore primarily liable for the representations contained therein.

3          19.     Each of the defendants is liable as a participant in a fraudulent scheme and course

4   of business that operated as a fraud or deceit on purchasers of Portal common stock by

5   disseminating materially false and misleading statements and/or concealing material adverse

6   facts.  The scheme:  (i) deceived the investing public regarding Portal's business, operations,

7   management and the intrinsic value of Portal common stock;  (ii) enabled the Company to

8   complete a $60 million public offering of its common stock; (iii) allowed Portal insiders,

9   including certain of the Individual Defendants to sell 347,906 shares of their personally-held

10  Portal shares at artificially inflated prices generating illicit proceeds of more than $4.8 million

11  and (iv) caused plaintiff and other members of the Class to purchase Portal securities at

12  artificially inflated prices.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

14         20.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil

15  Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or

16  otherwise acquired the securities of Portal between May 20, 2003 and November 13, 2003,

17  inclusive (the "Class Period") and who were damaged thereby.  Excluded from the Class are

18  defendants, the officers and directors of the Company, at all relevant times, members of their

19  immediate families and their legal representatives, heirs, successors or assigns and any entity in

20  which defendants have or had a controlling interest.

21         21.     The members of the Class are so numerous that joinder of all members is

22  impracticable.  Throughout the Class Period, Portal common shares were actively traded on the

23  NASDAQ.  While the exact number of Class members is unknown to plaintiff at this time and

24  can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds

25  or thousands of members in the proposed Class.  Record owners and other members of the Class

26  may be identified from records maintained by Portal or its transfer agent and may be notified of

27  the pendency of this action by mail, using the form of notice similar to that customarily used in

28  securities class actions.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

22.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

23.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

24.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)     whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Portal; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

### Background Facts

26.     Portal describes itself as a provider of software billing solutions.  The Company purportedly offers convergent billing platforms which monetize of customer voice and digital transactions.

27.     Throughout the Class Period, defendants issued numerous public statements concerning Portal's revenue growth, product and marketing initiatives, and increasing revenues

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1   and profits while failing to disclose that demand for the Company's products was materially

2   declining.  Prior to the disclosure of this adverse information to the market, the Company

3   completed a public offering of Portal common stock raising over $56 million in net proceeds and

4   the Individual Defendants as well as other high-level executives of Portal sold their personally-

5   held Portal common stock to the unsuspecting public reaping proceeds of more than $4.8 million.

**Materially False And Misleading**
**Statements Issued During The Class Period**

8       28.     The Class Period begins on May 20, 2003, when Portal announced its first quarter

9   fiscal 2004 for the three months ended May 2, 2003 financial results.  Under the banner headline,

10   "Third Consecutive Quarter of Revenue and Business Growth," defendants reported that Portal's

11   revenues for the quarter totaled $32.1 million, compared to revenues of $31.1 million in the prior

12   quarter.  Defendants also reported that excluding amortization of acquisition-related costs,

13   Portal's net loss was $2.0 million, or $0.01 per diluted share compared to a net profit of $0.5

14   million, or $0.00 per share in the same period last year. The press release provided, in pertinent

15   part:

> "Our product business model is working, and we are executing
> effectively delivering product-based solutions," said John Little,
> chief executive officer at Portal Software. "***We are the only***
> ***company in our market reporting increasing revenues and***
> ***quarter-to-quarter product license growth.***" [Emphasis added.]

19   Defendants also stated that the Company's ***revenues were expected to grow by 10-12% over the***

20   ***prior year*** and that the Company would "***return to pro forma profitability [excluding certain***

21   ***acquisition costs] and positive cash flow operations within the current fiscal year***."

22       29.     On June 3, 2003, an article published by *AFX News Limited* reported that Portal

23   announced the formation of a strategic alliance with Microsoft. The companies plan to develop a

24   telecommunications billing platform, combining Portal's billing and subscriber management

25   software with Microsoft's .NET technologies. Portal shares rose more than 20% on news of the

26   Microsoft alliance.

27       30.     In the June 2003 issue of *Worldwide Telecom*, Portal announced that eircom,

28   Ireland's leading provider of fixed telecommunications, successfully implemented Portal's

7

complaint.wpd

convergent billing platform, Infranet.  The article stated, in pertinent part, the following:

> Product and pricing plan flexibility was an important requirement to enable eircom to evolve their business model as the still-maturing European DSL market gains momentum. Also important was close integration to operational systems in order to streamline eircom's DSL order management, provisioning, and billing processes. Following a competitive evaluation, Infranet was selected for its cost-effectiveness and quick return on investment, rapid implementation capabilities, product maturity, world-class reference sites, and its ability to support eircom's current and future requirements. eircom also chose Portal business partner KPMG who joined forces with Portal's professional services group to meet the very aggressive implementation deadlines. "We needed a robust and flexible billing platform to support an increasingly diverse product set that will help attract new customers to our DSL services. This meant finding the best software platform and the best systems integrator to enable us to offer continually competitive and compelling service and pricing options, while meeting our tough time-to-market demands," said Fintan Lawler, general manager, eircom net. "Portal Software met these requirements[...]

31.     The statements referenced above in ¶¶ 28 and 30 above, were each materially false and misleading when made as they misrepresented and/or omitted the following adverse facts which then existed and disclosure of which was necessary to make the statements made not false and/or misleading, including:

(a)     that the Company's sales and marketing efforts were not performing well and the Company was experiencing declining demand for its products and services;

(b)     that the Company was experiencing an adverse and material lengthening of product sales cycles and a material increase in deferred revenues;

(c)     that due to continuing and severe problems with the Company's core products,  the Company was unable to service its existing customers, causing additional erosion of the Company's revenue streams; and

(d)     as a result of the foregoing, defendants' lacked a reasonable basis for their earnings projections at all times.

32.     Immediately after the announcement of the Microsoft alliance and the Company's highly positive first quarter earnings announcement, defendants Labuda and Aronson and other Portal insiders collectively sold 89,157 shares of Portal common stock reaping proceeds of more

8

complaint.wpd

1  than $854,000 as follows: (i) between May 28, 2003 and June 6, 2003, Michael A. Vescuso,  a

2  senior vice president of the Company, sold 7,802 shares of Portal common stock at prices

3  ranging from $10.00 to $10.10 per share, generating proceeds of more than $78,000; (ii) between

4  June 2, 2003 and June 24, 2003, Mitchell A. Gaynor, the Company's secretary, sold 5,382 shares

5  of Portal common stock at prices ranging from $9.05 to $9.95 generating proceeds of more than

6  $53,000; (iii) between June 6 and June 24, 2003, defendant Labuda sold 59,780 shares of Portal

7  common stock at prices ranging from $8.75 to $9.90 per share, generating proceeds of more than

8  $569,000; (iv) between on June 6, 2003 and June 20, 2003 defendant Aronson sold 12,193 shares

9  of Portal common stock at prices from $9.50 to $9.75 per share, generating proceeds of more

10  than $116,000; and (iv) on July 1, 2003 and again on July 2, 2003, defendant Bain sold 4,000

11  shares of Portal common stock at prices ranging from $9.05 to $9.10 per share, generating

12  proceeds of more than $36,000.

13       33.    On August 19, 2003, Portal announced its second quarter fiscal 2004 financial

14  results, for the period ended August 1, 2003.  Under the banner headline, "Fourth Consecutive

15  Quarter of Revenue and Business Growth," defendants reported that the Company's Revenues for

16  the quarter totaled $33.2 million, compared to revenues of $32.1 million in the prior quarter, and

17  $28.8 million for the same period last year.  Defendants also reported that Portal's net loss for the

18  second quarter fiscal 2004 was $2.5 million, or $0.01 per share compared to $11.1 million, or

19  $0.06 per share in the second quarter of fiscal 2003.

20       34.    The statements referenced above in ¶ 33 above, were each materially false and

21  misleading when made as they misrepresented and/or omitted the following adverse facts which

22  then existed and disclosure of which was necessary to make the statements made not false and/or

23  misleading, including:

24       (a)    that the Company's sales and marketing efforts were not performing well

25  and the Company was experiencing declining demand for its products and services;

26       (b)    that the Company was experiencing an adverse and material lengthening of

27  product sales cycles and a material increase in deferred revenues;

28       (c)    that due to continuing and severe problems with the Company's core

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1    products,  the Company was unable to service its existing customers, causing additional erosion

2    of the Company's revenue streams; and

3              (d)    as a result of the foregoing, defendants' lacked a reasonable basis for their

4    earnings projections at all times.

5         35.    Immediately following the Company's highly positive second quarter earnings

6    release, Portal insiders reinitiated their selling campaign.  On August 22, 2003, Glenn R. Coop

7    the Company's chief operating officer sold 58,479 shares of Portal common stock at a price of

8    $13.20 per share, generating proceeds of $ 775,000.

9         36.    On September 12, 2003, Portal announced that it had priced a public offering for

10   of 22,641,509 shares of its common stock at a price of $2.65 per share (pre-reverse to

11   institutional investors).

12        37.    The offered shares were registered pursuant to Portal's $50 million shelf

13   registration statement that was declared effective by the Securities and Exchange Commission on

14   September 13, 2002 and a related registration statement registering an additional $10 million of

15   Portal's common stock filed with the SEC on or about September 12, 2003.  The registration

16   statement, including a prospectus supplement (the "Registration Statement") was signed by

17   defendants Little, Bain and Patterson, among others.  The Registration Statement included the

18   following representations related to Portal's business and the Company's core product – Infranet:

19                Our real-time, convergent Infranet® platform enables our
                 customers to rapidly define, deploy and bill for services with
20               flexible business models.  Infranet, which is our core product,
                 enables the real-time provisioning and reporting of services,
21               including such functions as account creation, user authentication
                 and authorization, activity tracking, pricing and rating, billing and
22               customer service, including self-service, all on a scale of up to
                 millions of users. Service offerings supported by Infranet include
23               wireless services; broadband and Internet services, such as DSL,
                 cable and satellite; and next generation services, such as unified
24               messaging, gaming and electronic content delivery. Infranet is the
                 foundation for our comprehensive software and services offerings.
25               It is a standard software platform built on an open architecture that
                 can be easily integrated with other business system components.
26               While Infranet is designed to meet the needs of the next generation
                 communications markets and services, it is enhanced with a
27               number of optional modules to provide additional capabilities for
                 specific industry segments, including wireless, wireline, cable, ISP
28               and Internet telephony. We believe that these product-based

                                              10
     CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1   solutions provide customers with superior total cost of ownership.
Our customers range from emerging small companies offering an
2   innovative service to a small number of subscribers to large
telecommunications carriers with millions of subscribers

3

4       38.    The statements referenced above in ¶ 37 above, were each materially false and

5   misleading when made as they misrepresented and/or omitted the following adverse facts which

6   then existed and disclosure of which was necessary to make the statements made not false and/or

7   misleading, including:

8       (a)    that the Company's sales and marketing efforts were not performing well

9   and the Company was experiencing declining demand for its products and services;

10       (b)    that the Company was experiencing an adverse and material lengthening of

11   product sales cycles and a material increase in deferred revenues;

12       (c)    that due to continuing and severe problems with the Company's core

13   products,  the Company was unable to service its existing customers, causing additional erosion

14   of the Company's revenue streams; and

15       (d)    as a result of the foregoing, defendants' lacked a reasonable basis for their

16   earnings projections at all times.

17       39.    Within two weeks of the Offering, on September 23, 2003 and September 24,

18   2003, defendant Patterson sold 200,000 shares of Portal common stock at prices ranging from

19   $15.90 to $16.25 per share, generating proceeds of more than $3.2 million.

20       **THE TRUTH IS REVEALED**

21       40.    On November 13, 2003, after the close of the market defendants announced that

22   Portal expected net losses of  $0.36 - 0.40 per share for the third quarter fiscal 2004 versus prior

23   earnings guidance of net profits of $0.4 per share.  Defendants cited contract delays and revenue

24   recognition deferrals.  The press release stated, in relevant part, the following:

25       Revenue for the third quarter is now expected to be in the range of
$25 million to $26 million. Both license and services revenue
26   declined on a sequential basis. The Company expects to report a
pro forma loss in the range of $0.27 to $0.31 per share for the
27   quarter and a loss on a GAAP basis in the range of $0.36 to $0.40
per share for the quarter. Pro forma amounts in the third quarter of
28   fiscal year 2004 exclude amortization of acquisition-related costs

11

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

of $0.7 million and a stock option compensation charge of $3.0 million.

"As we continue our evolution from a product to a solutions company, we are working with larger companies on longer-term projects requiring more complex, end-to-end solutions and increasing demands on our solutions delivery capabilities," said John Little, Portal's founder and CEO. "As a result, two factors primarily contributed to revenues and earnings coming in below expectations: timing and services execution. The majority of our shortfall is due to contract delays and revenue recognition deferrals, particularly with our existing Tier 1 customers. We also experienced some services execution issues that have resulted in a shortfall in services revenues and higher costs that, along with the higher mix toward services is expected to reduce gross margins to around 50%. Nevertheless, we remain confident that we understand the steps needed to improve our execution, that our strategy is the right one, and that we are well-positioned for the future."

41.     Market reaction to defendants' belated disclosures was swift and severe.  In after-hours trading on November 13, 2003, the price of Portal common shares fell more than 42.5% to open at $8.77 per share on November 14, 2003, and have decreased more than 51% from a Class Period high of $17.93 per share reached less than a month before on October 15, 2003.

### Undisclosed Adverse Information

42.     The market for Portal's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and misleading statements and failures to disclose, Portal's common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Portal securities relying upon the integrity of the market price of Portal's securities and market information relating to Portal, and have been damaged thereby.

43.     During the Class Period, defendants materially misled the investing public, thereby inflating the price of Portal's securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading.  Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, including, inter alia:

                    (a)     that the Company's sales and marketing efforts were not performing well

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1   and the Company was experiencing declining demand for its products and services;

2                (b)      that the Company was experiencing an adverse and material lengthening of

3   product sales cycles and a material increase in deferred revenues;

4                (c)      that due to continuing and severe problems with the Company's core

5   products,  the Company was unable to service its existing customers, causing additional erosion

6   of the Company's revenue streams; and

7                (d)      as a result of the foregoing, defendants' lacked a reasonable basis for their

8   earnings projections at all times.

9        44.      At all relevant times, the material misrepresentations and omissions particularized

10  in this Complaint directly or proximately caused or were a substantial contributing cause of the

11  damages sustained by plaintiff and other members of the Class.  As described herein, during the

12  Class Period, defendants made or caused to be made a series of materially false or misleading

13  statements about Portal's business, prospects and operations.  These material misstatements and

14  omissions had the cause and effect of creating in the market an unrealistically positive

15  assessment of Portal and its business, prospects and operations, thus causing the Company's

16  securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially

17  false and misleading statements during the Class Period resulted in plaintiff and other members

18  of the Class purchasing the Company's securities at artificially inflated prices, thus causing the

19  damages complained of herein.

20                          **SCIENTER ALLEGATIONS**

21       45.      As alleged herein, defendants acted with scienter in that defendants knew that the

22  public documents and statements issued or disseminated in the name of the Company were

23  materially false and misleading; knew that such statements or documents would be issued or

24  disseminated to the investing public; and knowingly and substantially participated or acquiesced

25  in the issuance or dissemination of such statements or documents as primary violations of the

26  federal securities laws.  As set forth elsewhere herein in detail, defendants, by virtue of their

27  receipt of information reflecting the true facts regarding Portal, their control over, and/or receipt

28  and/or modification of Portal's allegedly materially misleading misstatements and/or their

13

complaint.wpd

1 associations with the Company which made them privy to confidential proprietary information

2 concerning Portal, participated in the fraudulent scheme alleged herein.

3     46.    While defendants were issuing false and misleading statements about Portal and

4 its business on or about September 18, 2003, the Company completed a $60 million public

5 offering of 22,641,509 shares of its common stock.  In addition, prior to the disclosure of the

6 adverse facts alleged herein, Portal insiders, including certain of the Individual Defendants,

7 engaged in a substantial insider-selling campaign – selling 347,906 shares of their personally-

8 held Portal shares generating proceeds of more than $4.8 million, as illustrated in the following

9 chart:

| Insider | Date of Sale | Number of Shares | Price per share | Value |
|---------|--------------|------------------|-----------------|-------|
| Michael A. Vescuso, Senior VP | 5/28/03 | 6,000 | $10.100 | $60,600.00 |
| | 6/6/03 | 1,802 | $10.000 | $18,020.00 |
| Total | | 7,802 | | $78,620.00 |
| | | | | |
| Mitchell L. Gaynor, Secretary | 6/2/03 | 382 | $9.050 | $3,453.48 |
| | 6/24/03 | 5,000 | $9.950 | $49,750.00 |
| Total | | 5,382 | | $53,203.48 |
| | | | | |
| David Labuda, Chief Technical Officer | 6/6/03 | 10,000 | $9.550 | $95,500.00 |
| | 6/13/03 | 9,780 | $8.750 | $85,575.00 |
| | 6/18/03 | 10,000 | $9.500 | $95,000.00 |
| | 6/20/03 | 10,000 | $9.550 | $95,500.00 |
| | 6/24/03 | 20,000 | $9.900 | $198,000.00 |
| Total | | 59,780 | | $569,575.00 |
| | | | | |
| Marc Aronson, Senior VP | 6/6/03 | 8,254 | $9.500 | $78,414.90 |
| | 6/18/03 | 60 | $9.750 | $585.00 |
| | 6/18/03 | 79 | $9.500 | $750.50 |
| | 6/20/03 | 3,800 | $9.750 | $37,050.00 |
| Total | | 12,193 | | $116,800.40 |
| | | | | |
| Howard A. Bain, III, CFO | 7/1/03 | 1,100 | $9.050 | $9,955.00 |
| | 7/2/03 | 840 | $9.100 | $7,644.00 |
| | 7/2/03 | 2,060 | $9.050 | $18,643.00 |

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

| | | | | |
|---|---|---|---|---|
| **Total** | | **4,000** | | **$36,242.00** |
| | | | | |
| Glenn R. Weinkoop, COO | 8/22/03 | 9,569 | $13.200 | $126,313.44 |
| | 8/22/03 | 9,063 | $13.200 | $119,628.96 |
| | 8/22/03 | 40,117 | $13.200 | $529,544.40 |
| **Total** | | **58,749** | **$13.200** | **$775,486.80** |
| | | | | |
| Arthur C. Patterson, Director | 9/23/03 | 5,892 | $16.250 | $95,745.00 |
| | 9/23/03 | 13,248 | $16.250 | $215,280.00 |
| | 9/23/03 | 1,968 | $16.250 | $31,980.00 |
| | 9/23/03 | 98,892 | $16.250 | $1,606,995.00 |
| | 9/24/03 | 8,832 | $15.900 | $140,428.80 |
| | 9/24/03 | 3,928 | $15.900 | $62,455.20 |
| | 9/24/03 | 1,312 | $15.900 | $20,860.80 |
| | 9/24/03 | 65,928 | $15.900 | $1,048,255.20 |
| **Total** | | **200,000** | | **$3,222,000.00** |
| **Grand Total** | | **347,906** | **$13.95** | **$4,851,927.68** |

## Applicability Of Presumption Of Reliance:
### Fraud-On-The-Market Doctrine

47.     At all relevant times, the market for Portal's securities was an efficient market for the following reasons, among others:

(a)     Portal's stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Portal filed periodic public reports with the SEC and the NASD;

(c)     Portal regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)     Portal was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain

15

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1  customers of their respective brokerage firms.  Each of these reports was publicly available and

2  entered the public marketplace.

3      48.    As a result of the foregoing, the market for Portal's securities promptly digested

4  current information regarding Portal from all publicly available sources and reflected such

5  information in Portal's stock price. Under these circumstances, all purchasers of Portal's

6  securities during the Class Period suffered similar injury through their purchase of Portal's

7  securities at artificially inflated prices and a presumption of reliance applies.

8                               **NO SAFE HARBOR**

9      49.    The statutory safe harbor provided for forward-looking statements under certain

10  circumstances does not apply to any of the allegedly false statements pleaded in this complaint.

11  Many of the specific statements pleaded herein were not identified as "forward-looking

12  statements" when made.  To the extent there were any forward-looking statements, there were no

13  meaningful cautionary statements identifying important factors that could cause actual results to

14  differ materially from those in the purportedly forward-looking statements.  Alternatively, to the

15  extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein,

16  defendants are liable for those false forward-looking statements because at the time each of those

17  forward-looking statements was made, the particular speaker knew that the particular forward-

18  looking statement was false, and/or the forward-looking statement was authorized and/or

19  approved by an executive officer of Portal who knew that those statements were false when

20  made.

21                               **FIRST CLAIM**
    **Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5**
22                **Promulgated Thereunder Against All Defendants**

23      50.    Plaintiff repeats and realleges each and every allegation contained above as if fully

24  set forth herein.

25      51.    During the Class Period, defendants carried out a plan, scheme and course of

26  conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing

27  public, including plaintiff and other Class members, as alleged herein; (ii) enable the Individual

28  Defendants and other Portal insiders to sell more than $4.8 million worth of their personally-held

complaint.wpd

1  shares of Portal common stock at artificially inflated prices; and (iii) cause plaintiff and other

2  members of the Class to purchase Portal's securities at artificially inflated prices.  In furtherance

3  of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the

4  actions set forth herein.

5       52.  Defendants (a) employed devices, schemes, and artifices to defraud; (b) made

6  untrue statements of material fact and/or omitted to state material facts necessary to make the

7  statements not misleading; and (c) engaged in acts, practices, and a course of business which

8  operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to

9  maintain artificially high market prices for Portal's securities in violation of Section 10(b) of the

10  Exchange Act and Rule 10b-5.  All defendants are sued either as primary participants in the

11  wrongful and illegal conduct charged herein or as controlling persons as alleged below.

12       53.  Defendants, individually and in concert, directly and indirectly, by the use, means

13  or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a

14  continuous course of conduct to conceal adverse material information about the business,

15  operations and future prospects of Portal as specified herein.

16       54.  These defendants employed devices, schemes and artifices to defraud, while in

17  possession of material adverse non-public information and engaged in acts, practices, and a

18  course of conduct as alleged herein in an effort to assure investors of Portal's value and

19  performance and continued substantial growth, which included the making of, or the

20  participation in the making of, untrue statements of material facts and omitting to state material

21  facts necessary in order to make the statements made about Portal and its business operations and

22  future prospects in the light of the circumstances under which they were made, not misleading, as

23  set forth more particularly herein, and engaged in transactions, practices and a course of business

24  which operated as a fraud and deceit upon the purchasers of Portal securities during the Class

25  Period.

26       55.  Each of the Individual Defendants' primary liability, and controlling person

27  liability, arises from the following facts: (i) the Individual Defendants were high-level executives

28  and/or directors at the Company during the Class Period and members of the Company's

17

complaint.wpd

1   management team or had control thereof; (ii) each of these defendants, by virtue of his

2   responsibilities and activities as a senior officer and/or director of the Company was privy to and

3   participated in the creation, development and reporting of the Company's internal budgets, plans,

4   projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and

5   familiarity with the other defendants and was advised of and had access to other members of the

6   Company's management team, internal reports and other data and information about the

7   Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants

8   was aware of the Company's dissemination of information to the investing public which they

9   knew or recklessly disregarded was materially false and misleading.

10          56.     The defendants had actual knowledge of the misrepresentations and omissions of

11   material facts set forth herein, or acted with reckless disregard for the truth in that they failed to

12   ascertain and to disclose such facts, even though such facts were available to them.  Such

13   defendants' material misrepresentations and/or omissions were done knowingly or recklessly and

14   for the purpose and effect of concealing Portal's operating condition and future business

15   prospects from the investing public and supporting the artificially inflated price of its securities.

16   As demonstrated by defendants' overstatements and misstatements of the Company's business,

17   operations and earnings throughout the Class Period, defendants, if they did not have actual

18   knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain

19   such knowledge by deliberately refraining from taking those steps necessary to discover whether

20   those statements were false or misleading.

21          57.     As a result of the dissemination of the materially false and misleading information

22   and failure to disclose material facts, as set forth above, the market price of Portal's securities

23   was artificially inflated during the Class Period.  In ignorance of the fact that market prices of

24   Portal's publicly-traded securities were artificially inflated, and relying directly or indirectly on

25   the false and misleading statements made by defendants, or upon the integrity of the market in

26   which the securities trade, and/or on the absence of material adverse information that was known

27   to or recklessly disregarded by defendants but not disclosed in public statements by defendants

28   during the Class Period, plaintiff and the other members of the Class acquired Portal securities

18

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1    during the Class Period at artificially high prices and were damaged thereby.

2         58.    At the time of said misrepresentations and omissions, plaintiff and other members

3    of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and the

4    other members of the Class and the marketplace known the truth regarding the problems that

5    Portal was experiencing, which were not disclosed by defendants, plaintiff and other members of

6    the Class would not have purchased or otherwise acquired their Portal securities, or, if they had

7    acquired such securities during the Class Period, they would not have done so at the artificially

8    inflated prices which they paid.

9         59.    By virtue of the foregoing, defendants have violated Section 10(b) of the

10   Exchange Act, and Rule 10b-5 promulgated thereunder.

11        60.    As a direct and proximate result of defendants' wrongful conduct, plaintiff and the

12   other members of the Class suffered damages in connection with their respective purchases and

13   sales of the Company's securities during the Class Period.

### SECOND CLAIM

### Violation Of Section 20(a) Of
### The Exchange Act Against Individual Defendants

17        61.    Plaintiff repeats and realleges each and every allegation contained above as if fully

18   set forth herein.

19        62.    The Individual Defendants acted as controlling persons of Portal within the

20   meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level

21   positions, and their ownership and contractual rights, participation in and/or awareness of the

22   Company's operations and/or intimate knowledge of the false financial statements filed by the

23   Company with the SEC and disseminated to the investing public, the Individual Defendants had

24   the power to influence and control and did influence and control, directly or indirectly, the

25   decision-making of the Company, including the content and dissemination of the various

26   statements which plaintiff contends are false and misleading. The Individual Defendants were

27   provided with or had unlimited access to copies of the Company's reports, press releases, public

28   filings and other statements alleged by plaintiff to be misleading prior to and/or shortly after

19

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1   these statements were issued and had the ability to prevent the issuance of the statements or

2   cause the statements to be corrected.

3       63.   In particular, each of these defendants had direct and supervisory involvement in

4   the day-to-day operations of the Company and, therefore, is presumed to have had the power to

5   control or influence the particular transactions giving rise to the securities violations as alleged

6   herein, and exercised the same.

7       64.   As set forth above, Portal and the Individual Defendants each violated Section

8   10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of their

9   positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of

10  the Exchange Act.  As a direct and proximate result of defendants' wrongful conduct, plaintiff

11  and other members of the Class suffered damages in connection with their purchases of the

12  Company's securities during the Class Period.

13      **WHEREFORE**, plaintiff prays for relief and judgment, as follows:

14      A.    Determining that this action is a proper class action, designating plaintiff as Lead

15  Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of

16  Civil Procedure and plaintiff's counsel as Lead Counsel;

17      B.    Awarding compensatory damages in favor of plaintiff and the other Class

18  members against all defendants, jointly and severally, for all damages sustained as a result of

19  defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

20      C.    Awarding plaintiff and the Class their reasonable costs and expenses incurred in

21  this action, including counsel fees and expert fees; and

22      D.    Such other and further relief as the Court may deem just and proper.

23  ///

24  ///

25  ///

26  ///

27  ///

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

1

## JURY TRIAL DEMANDED

2     Plaintiff hereby demands a trial by jury.

3

4     Dated: November 20, 2003          **GREEN & JIGARJIAN LLP**

5

6                                        By: _____
                                              Robert A. Jigarjian
7

8                                        Robert S. Green
                                         235 Pine Street, 15th Floor
                                         San Francisco, California 94104
9                                        Telephone: (415) 477-6700
                                         Facsimile: (415) 477-6710
10

11                                       **CAULEY GELLER BOWMAN & RUDMAN, LLP**
                                         Samuel H. Rudman
                                         David A. Rosenfeld
12                                       Russell J. Gunyan
                                         200 Broadhollow Road, Suite 406
13                                       Melville, New York 11747
                                         Telephone: (631) 367-7100
14                                       Facsimile: (631) 367-1173

15                                       **SCHIFFRIN & BARROWAY**
                                         Marc Topaz
16                                       Three Bala Plaza East, Suite 400
                                         Bala Cynwyd, PA 19004
17                                       Telephone: (610) 667-7706
                                         Facsimile: (610) 667-7056
18
                                         Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16 the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

_____
Attorney Of Record
For Plaintiff Clement Schmitt

22
CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS

complaint.wpd

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) _Clement A. Schmitt_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

   1.    Plaintiff has reviewed the Complaint and authorizes its filing.

   2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

   3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

   4.    Plaintiff's transaction(s) in the Portal Software, Inc. (Nasdaq: PRSF) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 100 | Buy | 10-14-03 | 16.89 |
| 300 | Buy | 10-14-03 | 16.88 |
|  |  |  |  |
|  |  |  |  |

[1] List additional transactions on a separate sheet of paper, if necessary.

   5.    Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

   6.    During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): _NONE_

   7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _19_ day of _November_, 2003

Signature _Clement A. Schmitt_

Print Name

_Clement A. Schmitt_